**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**
**(BOSTON DIVISION)**

FILED
IN CLERKS OFFICE
2026 OCT -5 A 9:58
U.S. DISTRICT COURT
DISTRICT OF MASS.

| | | |
|---|---|---|
| ERIC E. GREEK,<br>Plaintiff Pro Se,<br><br>v.<br><br>HUMANA MILITARY HEALTHCARE SERVICES, INC. and DEFENSE HEALTH AGENCY,<br>Defendants. | ) | **Civil Action No. 1:26-cv-**<br><br>**VERIFIED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**<br><br>****EMERGENCY INJUNCTIVE RELIEF SOUGHT**** |

---

## VERIFIED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Plaintiff Eric E. Greek, proceeding pro se, brings this Verified Complaint against Defendants Humana Military Healthcare Services, Inc. ("Humana Military") and the Defense Health Agency ("DHA"), and alleges as follows:

### I. NATURE OF THE ACTION

**1.** This civil action arises from the unlawful, retaliatory, and constructive deprivation of earned statutory military healthcare benefits guaranteed to Plaintiff—a retired United States Army combat veteran—and his family under 10 U.S.C. §§ 1079 and 1097, 32 C.F.R. Part 199, and the Due Process Clause of the Fifth Amendment.

**2.** For nearly three years, Defendant Humana Military, acting under color of federal authority as the prime Managed Care Support Contractor for TRICARE East, and Defendant Defense Health Agency ("DHA"), the cognizant Department of Defense ("DoD") agency, have subjected Plaintiff and his household to an escalating campaign of administrative stonewalling, rotating pretextual access denials, document falsification, and retaliatory character assassination.

**3.** Defendants have stripped Plaintiff of his single-sign-on electronic portal access to manage his family's medical care, while manufacturing a forged, spliced "User Agreement" (Exhibit 47) containing an ultra vires, non-appealable revocation clause. Defendants concurrently maintain a dangerous "Fatal Telephonic Paradox" by alleging Plaintiff poses an "imminent threat" to employee safety while demanding that Plaintiff conduct all family healthcare administration exclusively over unrecorded, weaponized telephone lines.

**4.** Because Plaintiff's spouse is actively undergoing an urgent diagnostic workup for a suspected brain tumor, and his dependent child requires specialized orthopedic care, Defendants' complete

administrative blockade places human life in immediate jeopardy. Plaintiff seeks declaratory and injunctive relief to restore lawful digital portal access, dismantle ultra vires authentication barriers, establish an independent DHA Healthcare Ombudsman bypass, enforce a strict litigation hold, and compel the immediate release of his complete HIPAA Designated Record Set.

## II. JURISDICTION AND VENUE

**5.** This Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question), as this action arises under the Constitution of the United States (Fifth Amendment), the Administrative Procedure Act (5 U.S.C. §§ 701–706), Title 10 of the United States Code (10 U.S.C. §§ 1079, 1097), the Health Insurance Portability and Accountability Act of 1996 ("HIPAA", 42 U.S.C. § 1320d et seq. and 45 C.F.R. § 164.524), and the Privacy Act of 1974 (5 U.S.C. § 552a).

**6.** This Court also has jurisdiction pursuant to 28 U.S.C. § 1361 (action to compel an officer or agency of the United States to perform a duty owed to Plaintiff) and 28 U.S.C. §§ 2201–2202 (Declaratory Judgment Act).

**7.** Venue is proper in the District of Massachusetts pursuant to 28 U.S.C. § 1391(b)(2) and § 1391(e)(1) because Plaintiff resides in Canton, Massachusetts, within this District; Defendant Defense Health Agency is an agency of the United States; a substantial part of the events or omissions giving rise to the claims occurred in this District; and the catastrophic clinical impacts of Defendants' actions are directly suffered in this District.

## III. THE PARTIES

**8.** Plaintiff Eric E. Greek is an individual, a retired United States Army combat veteran, and an eligible TRICARE beneficiary residing at 10 Hemenway Drive, Canton, Massachusetts 02021. Plaintiff brings this action on behalf of himself, his spouse Carolyn Greek, and his dependent minor children.

**9.** Defendant Humana Military Healthcare Services, Inc. ("Humana Military") is a corporation organized under the laws of Delaware with its principal place of business in Louisville, Kentucky. At all times relevant hereto, Humana Military has operated as the prime Managed Care Support Contractor for the TRICARE East Region under contract with Defendant Defense Health Agency, performing governmental functions and administering statutory military healthcare entitlements under color of federal authority.

**10.** Defendant Defense Health Agency ("DHA") is a combat support agency of the United States Department of Defense, headquartered in Falls Church, Virginia, charged by Congress with executive oversight, administration, and regulation of the military health system and the TRICARE program pursuant to 10 U.S.C. Chapter 55 and 32 C.F.R. Part 199.

## IV. FACTUAL ALLEGATIONS

### A. Fixed Continuous Eligibility and the Genesis of Pretextual Access Denials (Exhibits 01–19)

**11.** With the exception of a brief administrative enrollment disruption concerning Plaintiff's newborn child in 2023—which was promptly investigated, corrected, and had eligibility fully restored and

backdated to birth over three years ago—Plaintiff and his family members have at all times relevant hereto maintained continuous, active, and uninterrupted TRICARE military healthcare eligibility, as conclusively confirmed and reconfirmed by the Defense Enrollment Eligibility Reporting System (DEERS) and Defense Manpower Data Center (DMDC) (Ex. 03, 04, 06, 43, 49, 54, 58).

**12.** Despite conclusive DEERS confirmation, Defendant Humana Military subjected Plaintiff to persistent claims denials and administrative runarounds, falsely asserting that Plaintiff's newborn son was not enrolled in DEERS (Ex. 03, 04, 58). When Plaintiff sought to resolve these issues, contractor customer service agents created ad-hoc, unpromulgated verification requirements (Ex. 01, 58).

**13.** On December 17, 2025, Humana Military issued formal correspondence admitting that its operational staff had instituted an unpromulgated internal backend workflow requiring beneficiaries to manually re-enter minor dependent dates of birth inside secure messaging before receiving portal access—falsely labeling this custom policy as a binding federal regulatory requirement under HIPAA and NIST guidelines (Ex. 01, 02).

**14.** On April 16, 2026, in a formal response to the Better Business Bureau (Case No. 24438456), Humana Military conceded that "no eligibility concerns found on your account," but introduced a novel, unilateral access revocation clause terminating digital portal access and asserting: "Any decision of Humana Military regards access to its online system is final" (Ex. 06). This unpromulgated text contained a distinct grammatical typo ("regards access" rather than "regarding access") that would later serve as a definitive forensic fingerprint (Ex. 06, 47, 56).

**15.** On April 21, 2026, DHA Senior Healthcare Planner Paul M. Fitzpatrick formally confirmed in writing that enterprise authentication across the military health system is governed exclusively by standard Department of Defense single-sign-on credentials (DS Logon, MyAuth, and ID.me), directly disproving Humana Military's claim that manual dependent DOB entry was an authorized authentication protocol (Ex. 10, 11).

**16.** Immediately following the entry of appearance by Plaintiff's retained counsel on April 20, 2026 (Ex. 09), Humana Military escalated its retaliation. On May 7, 2026—precisely 17 days after counsel's appearance—Humana Military General Counsel orally leveled an uncorroborated, defamatory accusation that Plaintiff posed an "imminent threat to the physical safety of multiple agents" (Ex. 15, 16, 17). Despite formal demands by counsel, Defendants have never produced a shred of objective evidence, police reports, or incident logs to corroborate this fabricated smear (Ex. 15, 17, 21).

**B. Coercive Lockouts, Privacy Office Suppression, and the Fatal Telephonic Paradox (Exhibits 20–39)**

**17.** On June 4, 2026, Humana Military Assistant General Counsel Caroline Pieroni transmitted an explicitly coercive conditional access offer, conditioning passive view access to the portal upon Plaintiff agreeing not to contact or object to specific rogue contractor agents who were actively inserting themselves into Plaintiff's inquiries, under penalty of permanently surrendering all digital access (Ex. 20). Crucially, Humana Military simultaneously refused to restrain those employees or disable their ability to continue contacting Plaintiff against his will, effectively manufacturing a procedural pretext designed to permanently extinguish Plaintiff's digital portal access. When

counsel demanded the release of all alleged "unacceptable" communications, Humana Military refused (Ex. 20, 21, 22).

**18.** On July 15, 2026, contractor counsel confirmed that Plaintiff was barred from all electronic portal access post-representation and insisted that telephone customer service was the exclusive authorized channel for Plaintiff to administer family healthcare (Ex. 22).

**19.** Defendants' insistence on exclusive telephone administration establishes the "Fatal Telephonic Paradox" (Ex. 54). While Defendants formally alleged Plaintiff posed an "imminent threat" and persistently maintained unsubstantiated claims of unspecified "abuse"—culminating in the administrative case closure of Proceeding DHA 26-028—Defendants simultaneously demanded that Plaintiff conduct all healthcare administration exclusively via telephone customer service (Ex. 15, 20, 22, 45, 54). If Defendants genuinely believed Plaintiff presented an imminent physical safety threat or abusive posture toward staff, real-time telephonic interaction with front-line customer service personnel would be the very first channel restricted. Instead, Defendants forced Plaintiff off audited, timestamped electronic channels and onto unrecorded phone lines specifically to destroy the evidentiary paper trail while exposing a combat veteran to bad-faith criminal accusations, rotating pretexts, and potential law enforcement jeopardy (Ex. 15, 17, 22, 31, 33, 45, 54).

**20.** Defendants have concurrently suppressed all other safe, alternative administrative conduits. Mandated beneficiary advocacy channels—specifically Beneficiary Counseling and Assistance Coordinators (BCAC) and Patient Advocates—were completely barred, severed, or rendered entirely unresponsive to Plaintiff's clinical and administrative appeals (Ex. 04, 31, 40, 54). Concurrently, Humana Military's designated statutory Privacy Office has been completely dormant and functionally non-responsive to beneficiary grievances since at least March 2024 (Ex. 31, 58, 59, 60). Formal faxes, administrative notices, and statutory HIPAA record demands (DD Form 2870) served on July 13 and July 15, 2026, were systematically ignored without response or processing (Ex. 18, 23, 24).

**21.** On August 6, 2026, DHA Privacy and Civil Liberties Office assigned docket DHA 26-028 to Plaintiff's grievance, but immediately abdicated supervisory oversight by delegating the investigation back to the very contractor personnel accused of wrongdoing (Ex. 27, 28, 29, 30). DHA compliance analyst Carletha M. Oliver repeatedly rebuffed Plaintiff's objections, refused to conduct an intake interview, and dismissed emergency requests for safe clinical access protocols while Plaintiff's dependent child suffered a fractured collarbone (Ex. 32, 33, 35, 36, 39).

**C. Executive Escalation, Document Forgery, and Agency Endorsement (Exhibits 40–49)**

**22.** On August 22, 2026, with administrative channels totally deadlocked, Plaintiff delivered an Emergency Executive Notice to the DHA Director and DHA General Counsel via Senate Armed Services Committee caseworkers, placing the agency on direct notice of Plaintiff's spouse's life-threatening suspected brain tumor and urgent clinical needs (Ex. 41).

**23.** On September 22, 2026, DHA issued a formal agency endorsement letter authored by Carletha M. Oliver closing Complaint DHA 26-028 (Ex. 45). In doing so, the agency summarily dismissed Plaintiff's grievances and formally adopted Humana Military's position, asserting that Plaintiff had violated a binding "User Agreement" (Ex. 45, 47). Significantly, the agency officially abandoned

the contractor's longstanding "regulatory" authentication pretext under the transparent fiction that contractor representatives had merely "failed to mention" that standard to Plaintiff's retained counsel. This administrative retreat directly contradicted DHA Acting Director Curt B. Prichard's formal May 5, 2026 written executive statement to Senator Elizabeth Warren affirming that exact regulatory standard, exposing a shifting, bad-faith coverup across executive branches and congressional oversight (Ex. 14, 45, 48, 54).

**24.** Tellingly, the text of DHA's formal endorsement letter selectively excised and sanitized the non-appealable clause ("Any decision of Humana Military regards access to its online system is final"), proving DHA legal compliance officials knew the clause was legally indefensible and unconstitutional on its face (Ex. 45, 48).

**25.** However, the underlying legal instrument attached to DHA's case closure as Exhibit 2—titled "Beneficiary Self-Service Terms and Conditions" (Exhibit 47)—retained the exact verbatim typographical copy-paste artifact from the informal April 16 BBB letter: "Any decision of Humana Military regards access to its online system is final" (Ex. 06, 47).

**26.** Moreover, Section 1 of this manufactured instrument explicitly provides on its face: "The DHA requires anyone eligible for a DS Logon account use that method to access their benefit information via self-service and the mobile app. By registering here you are acknowledging that you are not eligible for a DS Logon account" (Ex. 47).

**27.** Plaintiff has never registered for a non-DS Logon account; Plaintiff is, and has always been, a fully authenticated DS Logon credential holder in active good standing, verified by DMDC on September 24, 2026 (Ex. 43, 49, 50). Exhibit 47 is a fraudulent, spliced forgery created by contractor staff and retrofitted to manufacture a post-hoc contractual breach where none existed (Ex. 47, 48).

**D. Federal Notice, Administrative Default, and Ongoing Live Server Enactment (Exhibits 50–60)**

**28.** Plaintiff initially reported Humana Military's unauthorized authentication barriers and portal lockout to the Defense Manpower Data Center (DMDC) Support Office on September 3, 2026 (Ex. 43). Following DMDC's confirmation that Plaintiff's DS Logon credentials and DEERS enrollments were active and uncompromised, Plaintiff placed DMDC and cognizant federal oversight authorities on formal technical and cybersecurity notice on September 24, 2026, under DoDI 8520.02, NIST SP 800-63-3, and NIST SP 800-171 Rev. 2 (Ex. 43, 50). As established in Exhibit 50, Humana Military's interception of verified DS Logon sessions and its ultra vires post-authentication demands are not merely superfluous customer service preferences, but active violations of mandatory federal cybersecurity controls (including Access Control 3.1.2, Identification and Authentication 3.5.2, and System Configuration 3.1.20) mandated by DFARS 252.204-7012 and the TRICARE Operations Manual (TOM 6010.59-M, Chapter 22, Section 1). Under binding federal procurement standards and the express terms of the TRICARE East Managed Care Support Contract (Contract No. HT9402-15-C-0001), such unauthorized system modifications, arbitrary access lockouts, and cybersecurity failures compromise the contractor's Authority to Operate (ATO) on defense information networks and potentially invalidate the contractor's statutory and contractual eligibility to receive federal disbursements for non-compliant covered services (Ex. 43, 50, 54).

**29.** On September 28, 2026, Plaintiff electronically served upon Humana Military General Counsel, DHA General Counsel, and cognizant officials a sworn "Formal Notice of Intent to Seek Emergency Injunctive Relief (FRCP 65)," detailing the forged instrument and establishing an administrative cure deadline of Friday, October 2, 2026, at 5:00 PM EDT (Ex. 51, 52, 53).

**30.** On October 2, 2026, at 5:00 PM EDT sharp, the four-day cure window expired without cure, retraction, or any communication from Defendants. Plaintiff formally transmitted and recorded a Notice of Administrative Default, establishing the complete exhaustion and futility of all administrative remedies (Ex. 55).

**31.** Forensic website captures taken on October 2, 2026, confirm that Defendants continue to actively enforce this forged, defective instrument on live production servers (infocenter.humana-military.com), retaining the verbatim grammatical typo ("regards access") and segregating non-DS Logon web registrations from enterprise DoD authentication (Ex. 56, 57).

**32.** Plaintiff has zero electronic access to any of these self-service systems, clinical portals, or administrative channels. Consequently, the entire administrative burden has fallen upon Plaintiff's spouse, who—while her neurological symptoms actively worsen—is severely encumbered in attempting to coordinate time-sensitive diagnostic workups for a suspected brain tumor (Ex. 41, 51). What critical care Plaintiff's spouse is able to coordinate is actively undermined by Defendants through persistent administrative misdirection, conflicting network and Point-of-Service stipulations, and the retaliatory imposition of universal post-care charges designed to inflict procedural delays and coercive financial penalties (Ex. 03, 04, 33, 41, 51). Humana Military has provided no means, appeal mechanism, or administrative process whatsoever to contest, halt, or remove this ongoing campaign of administrative harassment and billing retaliation. Concurrently, Plaintiff's minor child remains subjected to these same obstructive administrative barriers for ongoing orthopedic follow-ups, compounding the immediate, irreparable clinical and financial injury inflicted upon Plaintiff's family (Ex. 33, 41, 51, 54).

## V. CAUSES OF ACTION

### COUNT I: VIOLATION OF THE ADMINISTRATIVE PROCEDURE ACT (5 U.S.C. §§ 706(1), 706(2)(A)–(D))

**(Against Defendant Defense Health Agency)**

**33.** Plaintiff realleges and incorporates by reference paragraphs 1 through 32 as if fully set forth herein.

**34.** Defendant DHA is an "agency" within the meaning of the Administrative Procedure Act ("APA"), 5 U.S.C. § 701(b)(1), and its September 22, 2026 formal endorsement letter closing Complaint DHA 26-028 constitutes "final agency action" pursuant to 5 U.S.C. § 704.

**35.** Under 5 U.S.C. § 706(2)(A)–(D), a reviewing court shall hold unlawful and set aside agency action, findings, and conclusions found to be arbitrary, capricious, an abuse of discretion, contrary to constitutional right, in excess of statutory jurisdiction, or without observance of procedure required by law.

**36.** DHA acted arbitrarily, capriciously, and contrary to law by: (a) delegating an active complaint of contractor bad faith and records loss back to the very contractor accused of misconduct; (b) adopting and endorsing an unpromulgated, ultra vires contractor access revocation clause; (c)

adopting and incorporating into the official administrative record a demonstrably forged legal instrument (Exhibit 47); and (d) abdicating its statutory duty to provide meaningful oversight, leaving Plaintiff and his family without safe administrative channels.

**37.** Under 5 U.S.C. § 706(1), this Court has authority to compel agency action unlawfully withheld or unreasonably delayed, specifically DHA's duty to provide an independent Healthcare Ombudsman and restore lawful digital access under published federal baselines.

**COUNT II: DEPRIVATION OF STATUTORY HEALTHCARE ENTITLEMENTS WITHOUT PROCEDURAL DUE PROCESS (FIFTH AMENDMENT, U.S. CONST.)**
**(Against All Defendants)**

**38.** Plaintiff realleges and incorporates by reference paragraphs 1 through 37 as if fully set forth herein.

**39.** Under 10 U.S.C. §§ 1079 and 1097 and 32 C.F.R. Part 199, Plaintiff and his family possess a constitutionally protected property interest in their earned military healthcare benefits and an entitlement to receive medically necessary care.

**40.** Defendants, acting under color of federal authority, deprived Plaintiff of this protected entitlement without procedural due process of law by arbitrarily terminating digital portal access essential for managing referrals and authorizations, refusing to provide written standards or criteria for revocation, and enforcing an unpromulgated clause asserting that contractor determinations are "final" and non-appealable.

**41.** Defendants further violated due process by constructively closing all safe communication channels, suppressing the contractor Privacy Office, and repeatedly failing to restrain rogue agents from inserting false allegations of policy violations and abusive behavior into routine inquiries. For example, the underlying itemized billing records that initiated this controversy in November 2025 have still not been provided to Plaintiff to this day due to the contractor's persistent, disproven assertions of minor dependent ineligibility, followed by unlawful demands for compliance with NIST-violating ultra vires authentication requirements, and culminating in unrelenting, fabricated behavioral allegations and unsubstantiated "security threat" flags that have rendered all safe communication with Humana Military completely impossible while forcing Plaintiff onto unrecorded, weaponized telephone lines (Ex. 01, 03, 04, 15, 20, 22, 50, 54).

**COUNT III: VIOLATION OF HIPAA RIGHT OF ACCESS (45 C.F.R. § 164.524) AND PRIVACY ACT (5 U.S.C. § 552a)**
**(Against All Defendants)**

**42.** Plaintiff realleges and incorporates by reference paragraphs 1 through 41 as if fully set forth herein.

**43.** Under 45 C.F.R. § 164.524 and 5 U.S.C. § 552a, Plaintiff has an absolute statutory right to inspect and obtain a copy of protected health information and administrative records maintained in his family's Designated Record Set, including all Secure Portal Messages.

**44.** Plaintiff submitted repeated, formal written demands and executed HIPAA authorizations (DD Form 2870) requesting his complete Secure Messaging archives on July 13, 2026, July 15, 2026, and September 28, 2026 (Ex. 18, 21, 23, 51).

**45.** Defendants have willfully refused and failed to produce the Designated Record Set within the mandatory 30-day statutory window, withholding exculpatory communication logs in bad faith to insulate contractor staff from accountability, constituting actionable willful neglect under 45 C.F.R. § 160.316.

**COUNT IV: VIOLATION OF FEDERAL CYBERSECURITY AND IDENTITY BASELINES (DoDI 8520.02 & DFARS 252.204-7012)**
**(Against All Defendants)**

**46.** Plaintiff realleges and incorporates by reference paragraphs 1 through 45 as if fully set forth herein.

**47.** Pursuant to DoD Instruction 8520.02, NIST SP 800-63-3, DFARS 252.204-7012, and NIST SP 800-171 Rev. 2, DoD contractors administering covered defense information systems must adhere to strict federal identity and access control baselines.

**48.** Defendants violated these mandatory federal standards by: (a) intercepting verified DS Logon AAL2/IAL2 sessions to impose custom secondary login demands (Control 3.5.2); (b) arbitrarily restricting authorized portal transactions post-authentication (Control 3.1.2); (c) conditioning access upon secondary manual entry of minor dates of birth; (d) utilizing an unauthorized, spliced non-DoD user agreement to alter the approved system baseline (Control 3.1.20); and (e) enforcing non-compliant identity architecture that undermines Humana Military's Authority to Operate (ATO) and contractual authority to receive federal payment under DFARS 252.204-7012 (Ex. 50).

**COUNT V: DECLARATORY JUDGMENT (28 U.S.C. §§ 2201–2202)**
**(Against All Defendants)**

**49.** Plaintiff realleges and incorporates by reference paragraphs 1 through 48 as if fully set forth herein.

**50.** An actual, justiciable controversy exists between Plaintiff and Defendants concerning their respective rights, duties, and statutory obligations under Title 10, the APA, HIPAA, and federal cybersecurity regulations.

**51.** Plaintiff is entitled to a judicial declaration that: (a) Exhibit 47 is an unpromulgated, invalid, and forged instrument that is void ab initio; (b) Humana Military has no legal authority under 32 C.F.R. Part 199 to terminate digital portal access or declare its access determinations "final"; (c) enterprise portal access is governed exclusively by standard DoD credentials; and (d) Defendants' weaponization of phone customer service constitutes an unlawful constructive denial of care.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff Eric E. Greek respectfully requests that this Court enter judgment in his favor and grant the following relief:

**(a)** Issue an immediate Temporary Restraining Order and Preliminary Injunction pursuant to Fed. R. Civ. P. 65 ordering Defendants to immediately restore Plaintiff's full, unhindered electronic portal access via standard DS Logon / MyAuth / ID.me credentials, without conditioning access upon custom secondary terms or manual PHI disclosures;

**(b)** Enter an injunction directing Defendant DHA to appoint an independent Healthcare Ombudsman or senior case manager outside the TRICARE East contractor program office to directly manage,

approve, coordinate, and oversee all clinical referrals, specialty consultations, diagnostic imaging authorizations, and claims processing for Plaintiff and his dependents;

**(c)** Enter an injunction directing Defendants to implement an operational administrative firewall prohibiting Customer Service Operations Manager Jessica Kennedy and any contractor personnel previously involved in administrative disputes or security threat characterizations from accessing, flagging, modifying, or reviewing Plaintiff's family accounts;

**(d)** Order Defendants pursuant to 45 C.F.R. § 164.524 and 5 U.S.C. § 552a to produce within five (5) days the complete, unredacted Designated Record Set, including all raw timestamped Secure Messages, server audit logs, internal investigative notes, and portal terms version logs;

**(e)** Enter a declaratory judgment pursuant to 28 U.S.C. § 2201 declaring that Exhibit 47 is an invalid, ultra vires, and forged instrument that is void ab initio, and that Defendants have no legal authority to terminate beneficiary electronic access or declare administrative decisions non-appealable;

**(f)** Vacate and set aside DHA's September 22, 2026 administrative case closure in Proceeding DHA 26-028 pursuant to 5 U.S.C. § 706(2), and order Exhibit 47 purged from the official administrative record;

**(g)** Issue a strict litigation hold preserving all server audit metadata, messaging records, and communications, and enjoining Defendants from transmitting uncorroborated security smears to law enforcement or credit reporting agencies without leave of Court;

**(h)** Award Plaintiff his reasonable costs and expenses incurred in this action, together with statutory attorney fees should counsel enter an appearance, pursuant to the Equal Access to Justice Act (28 U.S.C. § 2412) and 45 C.F.R. § 164.524; and

**(i)** Grant such other and further legal or equitable relief as this Court deems just, proper, and equitable.

**VERIFICATION PURSUANT TO 28 U.S.C. § 1746**

I, Eric E. Greek, declare under penalty of perjury under the laws of the United States of America that I am the Plaintiff in the above-captioned civil action; that I have read the foregoing Verified Complaint and know the contents thereof; and that the facts stated therein are true and correct of my own personal knowledge, except as to those matters stated upon information and belief, and as to those matters, I believe them to be true.

Executed on October 5, 2026, at Canton, Massachusetts.

ERIC E. GREEK, Plaintiff Pro Se
10 Hemenway Drive
Canton, MA 02021
Tel: (253) 363-1637
Email: gree0232@gmail.com